IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
Case No. 00-6138-CIV-Moore
Magistrate Judge O'Sullivan

MAUREEN LEWINSOHN,

    Plaintiff,

v.

HUMANA INC.,

    Defendant.

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS

Defendant respectfully requests a stay of all proceedings in this action. This case, along with twelve related actions pending in other federal district courts around the country, is the subject of a motion to transfer and consolidate pursuant to 28 U.S.C § 1407(a) and the Rules of the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). Judges in related actions have already recognized that a stay is appropriate and would serve the objectives of the MDL process – namely, judicial economy and the avoidance of inconsistent pretrial rulings. (*See* orders granting motions to stay in *Johnson v. Humana Inc. (Aspen, C.J.)* and *Landry v. Humana Inc. (Pickering, J.)* attached at Tabs 1-2.) As in these other cases, a stay here would not prejudice plaintiff's claims because this litigation is still at the earliest stage before this Court and no harm will come to her or this Court from having to wait for the MDL Panel to rule.

DC1:423367.1

## BACKGROUND

This is one of thirteen actions brought in four different states on behalf of purported nationwide classes consisting of managed care participants or providers against Humana Inc. and several of its affiliates.[1] The material allegations in these thirteen actions are strikingly similar. Each action accuses Humana Inc. or its affiliates of providing improper financial incentives to physician providers, and using cost containment practices like utilization review and capitation, despite the fact that they are specifically authorized by federal and state law. Each action alleges that Humana Inc. or its affiliates engaged in "downcoding," a practice in which defendants are accused of wrongfully altering procedure codes to lower reimbursements to providers. (Compl. ¶22(a).) And each action seeks certification of a nationwide class of either participants or providers.

On December 16, 1999, Humana Inc. moved before the MDL Panel for an order transferring four actions to a single district court and consolidating them for pretrial proceedings. Humana Inc.'s motion argues that the four actions fit perfectly the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1) they "involv[e] one or more common questions of fact," given the substantial similarity between the complaints; (2) transfer will further "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what are likely to be highly complex and document-intensive actions, and so minimizing waste and inefficiency in the conduct of discovery. 28 U.S.C. § 1407(a). Humana Inc. has

---

[1] The other actions pending before the MDL Panel are *Landry v. Humana Inc.*, filed in the Southern District of Mississippi, Case No. 2:99 CV 325PG; *Johnson v. Humana, Inc.*, filed in the Northern District of Illinois, Case No. 99C-7602; *Shane v. Humana Inc.* filed in the Western District of Kentucky; and the following cases which are all filed in the Southern District of Florida: *Messina v. Humana Inc.* Case No. 99-3309 CIV-Moreno; *Weinger v. Humana Inc.*, Case No. 99-9108 CIV-Ryskamp; *Smart v. Humana Inc.* Case No. 00-6140 CIV-Ungaro-Benages; *Colini v. Humana Inc.*, Case No. 00-6139 CIV-Ferguson; *Guesby v. Humana Inc.*, Case No. 00-6136 CIV-Zloch; (cont'd)

recommended to the MDL Panel that it name the Western District of Kentucky as the transferee court. Humana Inc. is headquartered in Louisville, Kentucky, so that venue would be convenient to the majority of witnesses and documents likely to be required for pretrial proceedings.

Since Human Inc. filed its motion before the MDL Panel, it has notified the Panel on two occasions of nine additional cases that were filed subsequent to its motion that it believes be a "tag-along" actions raising the same factual issues and requiring discovery of the same witnesses and documents as the other cases referred to the MDL Panel for consolidation. The MDL Panel was notified of Humana Inc.'s belief that this case constitutes a "tag-along" action on February 8, 2000.

All thirteen actions are at the earliest stages of litigation. Motions to dismiss have been filed in *Johnson*, *Messina* and *Price*, though those motions have not all been fully briefed and submitted for consideration by the respective courts. In addition, motions to dismiss were filed today in *Colini*, *Guesby*, *Lewinsohn* and this case. Motions for stay have been granted in *Johnson* and *Landry*, and similar motions are pending in *Price*, *Messina* and *Smart*. Today, Humana Inc. filed motions for stay in *Colini*, *Guesby* and *Lewinsohn*. There has been no discovery in any of the thirteen actions. In short, these actions are still in their infancy, and a stay by this Court would therefore not intrude upon the consideration of any difficult or dispositive issue before it, since no such issues have yet arisen in this nascent litigation.

## ARGUMENT

### A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer and consolidate multiple actions filed in several district courts in order to conduct

---

*Rothman v. Humana Inc.*, Case No. 00-6132 CIV-Gold; *Lewen v. Humana Inc.*, Case No. 00-6130 CIV-Ferguson; *Berrios v. Humana Inc.*, Case No. 00-6131 CIV-Zloch; and *Price v. Humana Inc.* Case No. 99-8763 CIV-Moreno.

coordinated pretrial proceedings, where three conditions are met: (1) the cases "involv[e] one or more common questions of fact"; (2) transfer will further "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407. "The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of America*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998). To help achieve these goals, "[c]ourts frequently grant stays pending a decision by the MDL Panel whether to transfer a case." *Id.* The decision whether to stay proceedings is within the discretion of the district court. *See American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). A stay in this case, pending the MDL Panel's decision whether to consolidate and transfer the thirteen virtually identical purported class actions against Humana Inc., would further judicial economy and eliminate the potential for conflicting pretrial rulings. Accordingly, this Court should enter an order staying proceedings pending the decision of the MDL Panel.

A.   **Judicial Economy Favors A Stay.**

That judicial economy would be served by a stay of proceedings in this case is evident from the fact that "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). A stay of proceedings now, before this Court has had occasion to engage in efforts that are likely to be duplicated by the transferee court, would spare this Court time and effort that could be devoted to other cases.

Similarly, the fact that this case is still at a preliminary stage means this Court has not yet had to learn every aspect of a complicated case whose factual underpinnings require some knowledge of a broad range of practices common to the managed care industry. Thus, if

the Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360. In short, a stay would further judicial economy by obviating the need for this Court to expend time and effort engaging in case management and addressing issues sure to be dealt with by the transferee court.

A stay would also help eliminate duplicative motions and pretrial proceedings before the various courts in which these actions are proceeding. The complaints in these thirteen cases are virtually identical and challenge identical policies and practices. Most of the cases seek certification of overlapping – indeed, virtually identical – classes. Thus, there is a clear potential here for conflicting rulings on similar issues raised in each of the district courts, as well as conflicting or duplicative discovery proceedings. "The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks." *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987). Such duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to avoid the possibility that parties will be faced with inconsistent rulings from different courts addressing the same issues. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

B.   **Plaintiff Will Not Be Prejudiced By A Stay.**

A stay in this case would thus further the purposes of 28 U.S.C. § 1407 by preserving judicial economy and avoiding the possibility of duplicative and/or inconsistent rulings and pretrial proceedings in this Court. Because this action has not yet progressed past its earliest stages, plaintiff will suffer *no* prejudice if this Court stays proceedings until the MDL Panel has had an opportunity to decide whether and where to transfer this action for further pretrial proceedings. *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery would occur between date of stay order and issuance of MDL Panel's order).

C.   **Courts Have Routinely Granted Similar Requests.**

Where a stay of proceedings would, as here, promote the objectives of the MDL process and no particular prejudice would be caused by a stay, courts have repeatedly stayed all proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28 U.S.C. § 1407. *See, e.g., Aetna U.S. Healthcare*, 48 F.Supp.2d at 43; *Good*, 5 F.Supp.2d at 809; *Rivers*, 980 F.Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at *2; *Arthur-Magna*, 1991 WL 13725, at *2; *Portnoy*, 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991).

## CONCLUSION

Given this combination of circumstances – a pending motion before the MDL Panel for transfer and consolidation of this and other actions, and the likelihood that pretrial proceedings before this Court will be duplicative of proceedings before the transferee court and that decisions by this Court may conflict with decisions by the transferee court – a stay of this

action pending the MDL Panel's decision whether and where to transfer and consolidate this action will further the purposes of 28 U.S.C. § 1407.

For the foregoing reasons, Defendant respectfully requests that its Motion to Stay Proceedings be granted. A proposed order to that effect is attached.

*Of counsel:*

O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
(202) 383-5300

Respectfully submitted,

_____
Peter A. Sachs
Florida Bar No. 349062
JONES, FOSTER, JOHNSTON
  & STUBBS, P.A.
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475

Counsel for Defendant Humana Inc.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. mail on James Fox Miller, Esquire, Charles Fox Miller, Esquire, Greg A. Lewen, Esquire, 2435 Hollywood Boulevard, Hollywood, FL 33020 on this 22nd day of February, 2000.

Of Counsel:
O'MELVENY & MYERS LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C.
(202) 383-5300

JONES, FOSTER, JOHNSTON & STUBBS, P.A.
Attorneys for Defendant
505 South Flagler Drive, Suite 1100
Post Office Box 3475
West Palm Beach, Florida 33402-3475
(561) 659-3000

By: _____
Peter A. Sachs
Florida Bar No. 349062

N:\PAS\humanageneral\certservice4.wpd

```
                                                                    1
                                            ATTACHMENT / EXHIBIT  1
 1              IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3   SANDRA JOHNSON, individually and    )   No. 99 C 7602
     on behalf of all those similarly    )
 4   situated,                           )
                                         )
 5                       Plaintiff,      )
                                         )
 6        vs.                            )   Chicago, Illinois
                                         )   January 25, 2000
 7   HUMANA, INC., a Delaware            )   9:3 o'clock a.m.
     corporation,                        )
 8                                       )
                         Defendant.      )
 9

10           TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HON. MARVIN E. ASPEN
11

12   APPEARANCES:

13   For the Plaintiff:    MUCH SHELIST FREED DENENBERG
                           AMENT BELL & RUBENSTEIN PC
14                         BY:  MR. MICHAEL B. HYMAN
                           220 North LaSalle Street
15                         Chicago, Illinois 60601

16   For the Defendant:    O'MELVENY & MYERS LLP
                           BY:  MR. IRA RAPHAELSON and
17                              MR. BRIAN P. BROOKS
                           555 13th Street, N.W.
18                         Washington, D.C. 20004

19                         UNGARETTI & HARRIS
                           BY:  MR. JAMES G. RICHMOND
20                         3500 Three First National Plaza
                           Chicago, Illinois 60602
21
     Court Reporter:       MARY M. HACKER
22                         Official Court Reporter
                           219 South Dearborn Street, Suite 2528A
23                         Chicago, Illinois 60604
                           (312) 663-0049
24                         _____

25
```

                                                                2

1        THE CLERK:  99 C 7602, Sandra Johnson versus Humana,
2   Inc.
3        MR. HYMAN:  Good morning.  Michael Hyman for the
4   plaintiff.
5        THE COURT:  Good morning.
6        MR. RICHMOND:  Good morning, your Honor.  James
7   Richmond of Ungaretti & Harris for the Defendant Humana, with
8   Mr. Ira Raphaelson of O'Melveny & Myers, and Mr. Brian Brooks
9   of the same firm.
10       THE COURT:  Your motions for admission pro hac vice
11  and for leave to file additional appearances are allowed.
12       MR. RAPHAELSON:  Thank you, your Honor.
13       THE COURT:  There is a motion for a stay pending the
14  motion to transfer and consolidate.  That's before the Multi
15  District Litigation Panel?
16       MR. HYMAN:  Your Honor, this week we filed a response
17  in which we asked that the case be sent before your Honor as
18  our first choice, or before the Court of Mississippi or in
19  Florida.
20       We had stipulated about a month ago for an answer or
21  otherwise plead to the complaint by this coming Thursday, and
22  then they filed this motion for a stay.  We would ask that the
23  defendant respond to the complaint as stipulated by Thursday
24  and that we get seven days to respond to the motion on the
25  stay.

1        MR. RAPHAELSON: Judge, good morning.

2        There are a number of developments that I think the
3   Court might find of interest that have occurred since we filed
4   our motion.

5        As Mr. Hyman indicated, they have essentially joined
6   in our MDL request for consolidation arguing for this venue.
7   Two other groups of plaintiff's counsel, one in Florida, led by
8   Mr. Bois and his firm in the Price matter, have argued for
9   consolidation and their own venue, Mr. Bois also invoking the
10  first in time rule.

11       Mr. Scruggs, in the Landrey matter pending before
12  Judge Pickering, moved for consolidation as well there, urging
13  his venue, as well as moving for a stay when Judge Pickering on
14  his own motion, having noticed the MDL petition filed by
15  Humana, suspended proceedings not only in the Humana matter but
16  in all of the various HMO cases down there. I believe there
17  could be as many as eleven pending before Judge Pickering
18  against various defendants, including Humana.

19       Two other cases have been filed against Humana which
20  will figure -- well, one of which will certainly figure in the
21  MDL, one of which may, the first being Weinger versus Humana,
22  which has been assigned to Judge Ricecamp in southern Florida,
23  bringing three cases in Florida on the same essential theory.
24  The Weinger case is brought by the Berger and Montague firm out
25  of Philadelphia, which also brought the earlier mail case

1  against Aetna, which had a similar iteration of theory, was
2  dismissed by the Federal District Court in Philadelphia and is
3  now pending in the Third Circuit.
4  　　　　The second case is a Kentucky state case filed in
5  Louisville, where Humana is headquartered; it is on the
6  doctors' aspect of the case.  Humana is considering attempting
7  to remove that case and also referring that to the MDL panel
8  for consolidation.
9  　　　　One other element that ought -- or perhaps might be of
10 interest to the Court is the Fifth Circuit decided the Elman
11 (phonetic) versus Kaiser Foundation case.  The essential
12 holding of that case was the Fifth Circuit found there is no
13 ERISA based fiduciary obligation to disclose capitation
14 agreements, one of the court theories of the Johnson-Price and
15 other actions against Humana.
16 　　　　I note this not to address the matter on the merits,
17 your Honor, but because it underscores the observation that the
18 plaintiffs in the Johnson case made in the MDL panel, which is
19 that part of the reason for moving ahead with the MDL is that
20 one ought to avoid the potential for wasteful litigation and
21 potentially conflicting rulings.
22 　　　　Elman is binding, for instance, on Judge Pickering.
23 It is obviously something we will argue should be persuasive to
24 this Court but is not binding --
25 　　　　THE COURT:  Okay.  Well, argue it at the appropriate

1  time then.

2  MR. RAPHAELSON: Judge, we think a stay is
3  appropriate. Judge Pickering has, though not ruled for a stay,
4  certainly acted as though he thinks one is appropriate. The
5  plaintiffs in that matter have joined the effort for stay. The
6  MDL panel is going to be hearing our motion the end of March
7  and we expect a ruling the beginning of April.

8  We respectfully request that the Court grant our stay.
9  It's a limited amount of time, and we will know what the MDL
10 panel does then.

11 THE COURT: How are you going to be prejudiced if I
12 grant the stay?

13 MR. HYMAN: I think that, first of all, the fact that
14 we are asking that the case be sent here, I think is important
15 that the case continue here.

16 THE COURT: I would love to have it here, but the fact
17 that you're asking for it here doesn't mean it's going to be
18 here.

19 MR. HYMAN: That's true, your Honor. But there is no
20 reason to stay it in that the filing of an MDL petition does
21 not automatically stay a case. It's in your discretion.

22 THE COURT: Sure.

23 MR. HYMAN: But why should we wait until April or
24 whenever the MDL panel rules? There isn't going to be a lot
25 happening in the meantime but at least we are going to get

6

1  their response on file, we can begin the motion papers. They
2  are already arguing the merits of that --
3          THE COURT: I think the response ought to get on file
4  because you're going to file a response no matter where the
5  case is, right?
6          In terms of discovery I think it makes sense, in terms
7  of the motion practice it makes sense to wait and see if the
8  cases are going to be consolidated. But in terms of filing a
9  responsive pleading, you're going to have to file a responsive
10 pleading in all these cases.
11         MR. RAPHAELSON: Judge, we filed a responsive pleading
12 in the Price case because that one --
13         THE COURT: File one here then.
14         MR. HYMAN: -- was filed well in advance of the other
15 cases which have followed since.
16         We will obviously do what the Court directs us to do.
17         THE COURT: All right. I am going to ask that you
18 file your responsive pleading as required, and I will stay any
19 motions or discovery until we find out what is happening in
20 terms of the motion before the MDL panel.
21         MR. RAPHAELSON: Judge, given that we had noticed the
22 motion for stay on the 11th, hoping to get into court last
23 week, we are here today, we are due on Thursday, our offices
24 are closed today because of a snowstorm -- could we have until
25 Monday?

```
                                                                    7
 1              THE COURT:  Yes.
 2              MR. HYMAN:  I have no objection.
 3              THE COURT:  Okay.
 4              MR. RAPHAELSON:  Thank you.
 5              THE COURT:  You're welcome.
 6         (Which were all the proceedings had at the hearing of
 7         the within cause on the day and date hereof.)
 8                            CERTIFICATE
 9              I HEREBY CERTIFY that the foregoing is a true,
10    correct and complete transcript of the proceedings had at the
11    hearing of the aforementioned cause on the day and date hereof.
12
13    [signature]                              1/20/00
14    _____        _____
      Official Court Reporter                   Date
15    U.S. District Court
      Northern District of Illinois
16    Eastern Division
17
18
19
20
21
22
23
24
25
```

ATTACHMENT / EXHIBIT 2



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 25 2000
J.T. NOBLIN, CLERK
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| LANDRY | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 2:99-cv-325PG |
| HUMANA, ET AL | DEFENDANT |

## ORDER

This matter is before the Court sua sponte. This Court had previously advised the parties herein that a motion to transfer this case to multi-district litigation had been filed. In light of that, the Court had requested responses from counsel for all of the parties regarding continued development of this case in this Court.

The Court has received the responses that it requested and has reviewed all of them. The Court has determined that it would not be able to make any constructive progress in resolving this litigation while the motion to transfer this case to the MDL panel is pending especially since the Plaintiffs in their response to that motion have requested that all of the cases pending before this Court be transferred as tag-along cases.

The Court has therefore determined that the interests of justice and judicial economy require the Court to stay this matter pending resolution of the motion to transfer this case to the multi-district litigation panel as well as this case as a tag along. The Court would advise the parties that as soon as a decision is made by the multi-district litigation panel as to whether this case goes to that panel or stays in this Court

or whether this case comes back to this Court, this Court will conduct a conference to schedule this matter for speedy resolution.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is stayed pending further order of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that any conferences scheduled in this case are hereby canceled until further order of the Court

SO ORDERED AND ADJUDGED, this the 25th day of January, 2000.

CHARLES W. PICKERING, SR.
UNITED STATES DISTRICT JUDGE